UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ENBIN SUN,

                        Petitioner,

                                                                                  25-cv-9262 (PKC)

        -against-                                                  OPINION AND ORDER

JUDITH ALMODOVAR, in her capacity as Field
Office Director of Enforcement and Removal
Operations, New York City, Immigration and
Customs Enforcement, KRISTI NOEM, in her
official capacity as Secretary of the U.S.
Department of Homeland Security, PAMELA
BONDI, in her official capacity as Attorney
General of the United States, and EXECUTIVE
OFFICE OF IMMIGRATION REVIEW,

                        Respondents.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        On November 5, 2025, the day he was detained by immigration authorities, petitioner Enbin Sun filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF 1.) He seeks release from detention or, in the alternative, a bond hearing. (Pet. p. 12.) In an Order issued the next day, the Court set a schedule on the petition and ordered respondents not to remove the petitioner from this District.[1] (ECF 3.)

        Sun is a citizen of China with no criminal record and currently resides in Flushing, Queens, where he is employed at a bakery. (Pet. ¶¶ 15, 40, 43.) He entered the United

---

[1] Before that Order issued, Sun was transferred from 26 Federal Plaza to the Delaney Hall Detention Facility in Newark, New Jersey. (See ECF 6.) Sun's transfer does not deprive this Court of subject matter jurisdiction. See, e.g., Rumsfeld v. Padilla, 542 U.S. 426, 441 n.14 (2004). The Court notes that the original briefing and hearing schedule set by the Court was slightly extended at the joint request of the parties. (ECF 12.)

States at a border crossing in Mission, Texas on January 27, 2023. (Pet. Ex. B.) On that date, an Immigration Officer issued an arrest warrant reciting that Sun was an alien who entered the United States on January 27, 2023 in violation of the immigration laws "and is therefore liable to be taken into custody as authorized by section 236 of the Immigration and Nationality Act."[2] (ECF 11-2.) On January 28, 2023, ICE issued an "Order of Release on Recognizance" as to Sun. (ECF 11-3.) It stated in part: "You have been arrested and placed in removal proceedings. In accordance with section 236 of the Immigration and Nationality Act and the applicable provisions of Title 8 of the Code of Federal Regulations, you are being released on your own recognizance provided you comply with the following terms and conditions . . . ." (ECF 11-3.)

On November 5, 2025, Sun complied with a directive to report in person to 26 Federal Plaza in Manhattan, where his release on recognizance was canceled and he was arrested and detained pursuant to 8 U.S.C. § 1225(b)(2)(A). (Declaration of Mincheol So ¶ 15 (ECF 10).) The arrest warrant directed to Sun was a form available for use by "[a]ny immigration officer authorized pursuant to sections 236 and 287" of the INA (i.e., 8 U.S.C. §§ 1226 and 1357), but made no reference to section 1225. (ECF 11-4.) The text of the form states: "This determination is based upon:" below which appears five checkboxes, none of which was checked as to Sun. (ECF 11-4.)

Sun's petition urges that his detention under section 1225(b)(2)(A) violates the plain language of the Immigration and Nationality Act because its mandatory detention provision governs "inspections at the border of people who are 'seeking admission' to the United States." (Pet. ¶ 38.) He asserts that his detention is governed by section 1226(a), as a person who has been in the country since early 2023 with no criminal history and subject to standard removal

---

[2] Section 236 of the Immigration and Nationality Act is codified at 8 U.S.C. § 1226.

proceedings.  (Pet. ¶ 21.)  Section 1226(a) provides for the availability of a bond hearing at the outset of his detention.  Respondents, by contrast, assert that section 1225(b)(2)(A) functions as a "catchall provision" that requires Sun's mandatory detention "for the entirety of removal proceedings," without the statutory authority for a bond hearing.  (ECF 9 at 17.)

The Court concludes that Sun is not subject to the mandatory detention provision of section 1225(b)(2)(A).  The record demonstrates that on January 27, 2023, he was detained pursuant to a warrant expressly invoking section 1226.  On January 28, 2023, Sun was released pursuant to an "Order of Release on Recognizance" again expressly citing section 1226.  Sun has been in removal proceedings since January 28, 2023.

Several courts in this District have considered whether the mandatory detention provision of section 1225(b)(2)(A) applies in circumstances similar to those of Sun.  This Court joins the emerging consensus that section 1226(a) governs the detention of an alien pending a removal determination and that the mandatory detention provision of section 1225(b)(2)(A) applies to "an alien seeking admission" when presenting at arrival.  See, e.g., Guzman Cardenas v. Almodovar, 2025 WL 3215573 (S.D.N.Y. Nov. 18, 2025) (Furman, J.); Villegas v. Francis, 2025 WL 3215597 (S.D.N.Y. Nov. 18, 2025) (Rochon, J.); Romero Perez v. Francis, 2025 WL 3110459 (Nov. 6, 2025) (Koeltl, J.); Huamani v. Francis, 2025 WL 3079014 (Nov. 4, 2025) (Liman, J.); J.G.O. v. Francis, 2025 WL 3040142 (S.D.N.Y. Oct. 28, 2025) (Subramanian, J.).

On this record, the Court concludes that Sun cannot be lawfully detained under section 1225(b)(2)(A) and his detention is instead governed by section 1226(a).

Because the Court concludes that Sun cannot be detained under section 1225(b)(2)(A) but may be detained under section 1226(a), it need not reach the claim that his detention offends the due process rights guaranteed under the Fifth Amendment.  See, e.g.,

Allstate Ins. Co. v. Serio, 261 F.3d 143, 149-50 (2d Cir. 2001) ("It is axiomatic that the federal courts should, where possible, avoid reaching constitutional questions.").

The petition's "Prayer for Relief" asks that the Court "[i]ssue a Writ of Habeas Corpus requiring that Respondents release Petitioner or, in the alternative, provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven days . . . ." (Pet. p. 12.) In his memorandum of law, however, Sun instead urges "that a bond hearing is not feasible" and "untenable" given that he did not receive an individualized assessment prior to his arrest and detention. (ECF 13 at 8.)

For reasons thoughtfully explained by Judge Koeltl in Romero Perez, 2025 WL 3110459, at *3, the Court will order that respondents provide Sun with a bond hearing before an Immigration Judge pursuant to section 1226(a). See also Alvarez Ortiz v. Freden, 2025 WL 3085032, at *11-12 (W.D.N.Y. Nov. 4, 2025) (ordering government to provide bond hearing under section 1226(a)); cf. Michalski v. Decker, 279 F. Supp. 3d 487, 495 (S.D.N.Y. 2018) ("While 28 U.S.C. § 2241 does not include a statutory exhaustion requirement, district courts in this Circuit have recognized such a requirement as a prudential matter before immigration detention may be challenged in federal court by a writ of habeas corpus.").

As Judge Koeltl held, the decision issued by the Board of Immigration Appeals in Matter of Yajure Hurtado, 29 I. & N. Dec. 216 (B.I.A. 2025), does not preclude a bond hearing under section 1226(a) because "it is the province of the courts – not the agency – to 'authoritatively interpret' the statute. Loper Bright Enters. v. Raimondo, 603 U.S. 369, 402 (2024). Accordingly, Yajure Hurtado does not bar [petitioner] from obtaining a bond hearing because, under the correct statutory framework, the petitioner's detention falls under § 1226(a), not § 1225(b)(2)(A)." Romero Perez, 2025 WL 3110459, at *3.

Section 1226(a) provides that a noncitizen is entitled to an individualized bond hearing at the outset of detention to assess danger and flight risk. Jennings v. Rodriguez, 583 U.S. 281, 306 (2018). That "the prospect that an immigration judge's bond determination could largely scuttle the petitioner's petition, and potentially moot the habeas action counsels in favor of requiring prudential exhaustion in the name of preserving scarce judicial resources and avoiding the possibility of duplicative or conflicting rulings." Romero Perez, 2025 WL 3110459, at *3 (quotation marks, internal citation and brackets omitted).[3]

---

[3] The Court is aware of the difficulties in implementation that arose in the case before Judge Koeltl. Romero Perez v. Joyce, et al., 25-cv-8112 (JGK) (ECF 31 to 34). The Court trusts, based upon the respondents' letter of November 10, 2025 in that case (id. ECF 32), that a similar lapse will not recur in the case of Mr. Sun.

CONCLUSION

The holding of Matter of Yajure Hurtado, 29 I. & N. Dec. 216 (B.I.A. 2025), is not controlling on this petition.  Because petitioner Enbin Sun is being detained pursuant to section 1226(a) and not section 1225(b)(2)(A), he is entitled to an individualized bond hearing under section 1226(a).

The petition is GRANTED.  Respondents are ORDERED to cause an individualized bond hearing to be conducted before an Immigration Judge pursuant to 8 U.S.C. § 1226(a) for petitioner Enbin Sun within six (6) business days of this Order.  If no hearing is held within the designated time period, respondents shall immediately release the petitioner.

The Clerk is respectfully directed to close this case.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
       November 20, 2025